UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND; MASON TENDERS
DISTRICT COUNCIL PENSION FUND;
MASON TENDERS DISTRICT COUNCIL
ANNUITY FUND; MASON TENDERS
DISTRICT COUNCIL TRAINING FUND;
MASON TENDERS DISTRICT COUNCIL
HEALTH AND SAFETY FUND; and
DOMINICK GIAMMONA,

     Plaintiffs,

     v.

RICI CORP.; SLAVICA TRAJKOVA; and
ARGONAUT INSURANCE COMPANY,

     Defendants.

No. 22-cv-10133 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  Plaintiffs Mason Tenders District Council Welfare Fund, Mason Tenders District Council Pension Fund, Mason Tenders District Council Annuity Fund, Mason Tenders District Council Training Fund, Mason Tenders District Council Health And Safety Fund and Dominick Giammona (together, "Mason Tenders") brought this action in 2022 against Defendants Rici Corp., Slavica Trajkova and Argonaut Insurance Company. The complaint alleged that Defendants failed to make certain contributions to Mason Tenders in violation of the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"). After Defendants filed an answer, the parties entered into a joint stipulation agreeing to discontinue the action and requesting that the Court retain jurisdiction in order to enforce the terms of their agreement, which it did. Mason Tenders now moves for entry of a consent judgment in

its favor, asserting that Defendants failed to make certain payments required by their agreement. Defendants did not file any opposition. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are drawn from the stipulated facts in the parties' joint stipulation, Dkt. No. 44, as well as the unopposed declaration Mason Tenders submitted in support of its motion, Dkt. No. 45-1. In July 2017, Defendant Rici entered into a collective bargaining agreement that obligated it to make benefit contributions to Mason Tenders, which consists of several employment benefit funds and their manager. Dkt. No. 44 at 1. After a 2022 audit revealed that Rici had underpaid its contributions, *id.* at 2, Mason Tenders filed suit in this Court, seeking to recoup the unpaid contributions, *id.* at 4. Defendants filed an answer and the parties subsequently entered into a Settlement Agreement that required Defendants to pay $1,100,000 to Mason Tenders in exchange for discontinuance of the action. *Id.* ¶ 1. The Agreement required Defendants to make these payments in monthly installments over a two-year period. *Id.* ¶¶ 3–4. It also contemplated that, should Defendants miss payments and fail to cure, Mason Tenders would seek entry of a Consent Judgment that both parties had executed in advance. *Id.* ¶ 10; *see also id.* Ex. A (copy of Consent Judgment). Once entered, the Consent Judgment would hold Defendants joint and severally liable in the sum of $1,771,869.80, less any amounts Defendants paid out under the Settlement Agreement. *Id.* Ex. A ¶ 1. The parties requested that the Court so-order their Settlement Agreement and retain jurisdiction to enforce its terms, Dkt. No. 44 ¶ 20, which the Court did on January 22, 2024, Dkt. No. 44 at 16.

On November 21, 2024, Mason Tenders moved for entry of the Consent Judgment against Defendants. Dkt. No. 45. In an accompanying declaration, Mason Tenders asserted that Defendants had paid the first nine monthly installments required by the Settlement Agreement,

totaling $371,446.20.  Dkt. No. 45-1 ¶ 9.  Defendants had failed to make the tenth payment due on October 1, 2024, however, and had not made any payments since.  *Id.* ¶¶ 9–12.  Mason Tenders thus asked the Court to enter judgment against Defendants in the form of their pre-executed Consent Judgment, which would obligate Defendants to pay $1,422.66.02 in outstanding payments.  *Id.* ¶¶ 14–16 (explaining that $371,446.20 had been paid, $22,242.42 of which was interest, which left $1,422.66.02 outstanding from the initial balance of $1,771,869.80 set forth in the Consent Judgment).

The Court then entered a briefing order directing Defendants to file an opposition by December 13, 2024.  Dkt. No. 46.  After Defendants failed to respond, the Court issued another order on March 7, 2025, which directed Defendants to file their opposition by March 21, 2025, or else the motion would be treated as unopposed.  Dkt. No. 47.  Defendants did not file any response.

## LEGAL STANDARD

District courts may retain jurisdiction to enforce the terms of a settlement.  *See Hendrickson v. United States*, 791 F.3d 354, 362 (2d Cir. 2015).  They may do so either by "expressly retain[ing] jurisdiction over enforcement of the agreement in an order of the court, or [by] incorporat[ing] the terms of that agreement in such an order."  *Id.* (alterations and internal quotation marks omitted).  Once a court "so orders" a settlement and retains jurisdiction thereover, it takes on the duty to "enforce the stipulation that it has approved."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000).

## DISCUSSION

The only issue here is whether the Court should enter the Consent Judgment that the parties submitted in connection with their court-approved Settlement Agreement.  The Court concludes that it must.  First, the Court expressly "retain[ed] jurisdiction over this Action to enforce the terms

3

and/or any disputes arising from" the Settlement Agreement. Dkt. No. 44 ¶ 20. By so-ordering that Agreement, the Court accepted the obligation to enforce its terms, akin to those of a contract. *Geller*, 212 F.3d at 737.

Second, the "plain language" of the Settlement Agreement requires Defendants to make monthly payments, *id.*, and obligates the Court to, at Mason Tenders' request, enter the Consent Judgment if those payments go unpaid, Dkt. No. 44 ¶¶ 9, 10(a). That transpired here. According to the unrebutted declaration submitted by Mason Tenders, Defendants made only nine monthly payments before ceasing payment altogether, in October 2024. Dkt. No. 45-1 ¶ 9. Although Mason Tenders notified them of their default and gave them an opportunity to cure, Defendants did not do so. *Id.* ¶¶ 10–12; Dkt. No. 45-4 at 4 (email notifying Defendants of default). This sequence of events triggers paragraph 10 of Settlement Agreement, which calls on the Court to enter the pre-executed Consent Judgment against Defendants. Dkt. No. 44 ¶ 10(a). By its terms, the Consent Judgment obligates Defendants to pay the outstanding balance from the Settlement Agreement.

## CONCLUSION

The Court thus grants Mason Tenders' motion to enter the Consent Judgment, which the Court will endorse separately and file on the docket. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 45.

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge